**MORRIS et ux. v. TEXAS PACIFIC COAL & OIL CO. et al. (No. 9335.)**

(Court of Civil Appeals of Texas. Fort Worth. Feb. 26, 1921.)

1. **Mines and minerals ⊜⇒58—Lease held not void because lessee not required to pay rent or drill well.**

The fact that a lessee of 160 acres of oil lands did not bind himself to pay rentals or to drill a well did not render lease void, and the cash consideration of $32 paid therefor was a valuable and sufficient consideration to support all the rights conveyed, including the unconditional lease for two years and optional continuance for five years by paying stipulated rentals.

2. **Mines and minerals ⊜⇒58—Lease held not void for uncertainty as to length of time.**

The definite and unambiguous terms of an oil and gas lease, respecting the time of its continuance, *held* to refute the contention that it was void for uncertainty in that respect.

Appeal from District Court, Stephens County; Harry Tom King, Judge.

Suit by J. P. Morris and wife against the Texas Pacific Coal & Oil Company and another. Judgment for defendants, and plaintiffs appeal. Affirmed.

Smith & Crawford, of Beaumont, B. E. Moon, of Ranger, and A. M. Huffman, of Beaumont, for appellants.

W. J. Oxford, Leslie Garnett, John Hancock, and L. D. Hawkins, all of Thurber, for appellees.

DUNKLIN, J. J. P. Morris and wife instituted this suit against the Texas Pacific Coal & Oil Company and J. H. Sudderth to cancel an oil and gas lease on 160 acres of land in Stephens county, executed by plaintiffs to Sudderth, and by him transferred to the defendant company. From a judgment in favor of the defendants, the plaintiffs have appealed.

The following is the only assignment of error presented in appellants' brief:

"The court erred in refusing to give to the jury plaintiffs' motion to peremptorily instruct in this cause, offered by them after all of the testimony had been introduced and the testimony closed for all parties; said motion being in substance as follows:

"First. Because the terms of said lease contract sued are too vague, uncertain, and indefinite to be of binding force on plaintiffs, in that it is not definitely stated or shown therein the length of time during which the same should remain in force and effect.

"Second. Because said lease contract by its terms appears to be and is but an option, if anything, which might be accepted and exercised by the lessee, only.

"Third. Because the said lease contract is unilateral, and void for want of mutuality in terms.

"Because it is undeniably true that said contract undertakes to extend to the lessee the exclusive option of exercising it at his will, and undertaking to tie, and does tie, the hands of plaintiffs, to the end that they must stand by and have no rights in the matter, it is clearly unilateral, and void for want of mutuality."

Hence the only issue to be determined is the proper legal construction of the lease, considered independently of any other question.

The following are the only provisions in the lease necessary to be set out:

"This lease, made and entered into this 13th day of November, 1915, between J. P. Morris and wife, C. E. Morris, of Lacasa, county of Stephens, state of Texas, first parties, and J. H. Sudderth, Lacasa, Stephens county, Texas, second party.

"Witnesseth: The first parties in consideration of thirty-two ($32.00) to them paid, receipt of which is hereby acknowledged, and of the covenants hereinafter contained on the part of second party, do by these presents, let and lease to the second party the following described premises, situated in Stephens county, Texas, for two years from date, to wit:

"The N. W. ¼ of section No. 64, block No. 6, certificate No. F. 1864 T. C. Ry. Co. situated in Stephens Co Tex. It is hereby agreed that this lease shall continue in force for a period of 5 years upon an annual payment of $16.00 by second party to first, containing 160 acres more or less, hereby granting to second party full and exclusive authority to enter upon said premises and to dig, drill, operate for and procure natural gas and petroleum, together with the right of taking upon said premises and removing therefrom at pleasure any machinery, tools, lumber, pipe, casing and other things necessary in said work, and to construct on said premises and to remove therefrom at pleasure, pumping plants, tracks, tanks, pipe lines and other things necessary in the operation of this lease, avoiding as far as practicable damages to fences and growing crops; but

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in case of damage to these, second party agrees to pay such damage, the same to be fixed by appraisers, should the parties hereto fail to agree to the amount of same.

"Should second party discover on said premises natural gas in paying quantities and the same can be marketed to advantage second party shall pay first party a royalty of ten per cent. (10%) of the market price at the wells of the amount sold.

"In the event of the sale or marketing of petroleum, second party shall deliver as royalty to first parties, in tanks near the mouth of the well or wells, without cost to the first parties, one-eighth (⅛) of such products, or pay the market price in cash thereof, at option of second parties, and the remainder of such product shall belong to the party of the second part, * * *

"It is further agreed between the parties hereto that in case natural gas or petroleum are discovered on said premises that this lease shall continue in full force and effect so long as any of these are produced in paying quantities, and that the second party at any time may surrender or enter of record a release of said premises, or any part thereof, and from said time be released from all liabilities under the terms and provisions hereof, on all that part of the premises so surrendered or released and that in the event of second party failing to pay to the first parties in advance on ten days' notice in writing by first party to second party, as above provided, the ground rent due under the terms and provisions hereof, that this lease shall be null and void and the first and second parties shall be released from all liabilities mentioned."

[1] While it is true that the lessee did not bind himself either to pay rentals or to drill a well, yet that fact did not render the lease void. The grantee was given a lease for two years, free of any conditions for forfeiture, and, in addition thereto, the further right, at his option, to continue the same in force for five years, by paying the stipulated rentals; all for the cash consideration of $32 paid at the time the instrument was executed. The cash payment so made was a valuable consideration, and sufficient to support all the rights conveyed, including the present unconditional lease for two years, and also the option to continue it for five years by paying the stipulated rentals. Corsicana Petroleum Co. v. Owens (Sup.) 222 S. W. 154.

In National Oil & Pipe Line Co. v. Teel, 95 Tex. 586, 68 S. W. 979, the instrument in controversy, some of the terms of which purported a present conveyance of title to minerals in land, was held to be only a contract for an option to acquire such title; but the court did not hold that the contract was void for lack of a consideration to support it. In the opinion in that case, it was said that there was high authority for holding that a consideration of $1, which was the recited consideration of that instrument, was sufficient to support a contract, although the same was usually called a "nominal consideration." The court found it unnecessary to determine whether or not that was sufficient of itself to support the contract, but discussed the instrument upon the assumption that it was so supported, and held that the option given was an enforceable contract, and that by complying with the stipulations therefor, which he had the option to perform or not to perform, the promisee could acquire title to an interest in the land. In a later case, Quebe v. G., C. & S. F. Ry. Co., 98 Tex. 14, 81 S. W. 20, 66 L. R. A. 734, 4 Ann. Cas. 545, it was held that a consideration of $1 was sufficient to support a contract of settlement of a claim for personal injuries sustained by an employé while working for a railroad company. And in Corsicana Petroleum Co. v. Owens, supra, our Supreme Court held that $5 was sufficient to support an option given to surrender a lease. See, also, Hunter v. Gulf Production Co., 220 S. W. 163; McKay v. Tally, 220 S. W. 167; Jackson v. Pure Oil Operating Co., 217 S. W. 959; 6 R. C. L. p. 678.

[2] The definite and unambiguous terms of the lease, with respect to the length of time it would continue in force, refute the contention that it was void for want of certainty in that respect.

The judgment is affirmed.