McWHIRTER v. MORROW.

No. 5775.

Court of Civil Appeals of Texas. Amarillo.

May 5, 1947.

Rehearing Denied June 2, 1947.

Mayo W. Neyland and A. S. Rollins, both of Greenville, for appellant.

L. L. Bowman, Jr., of Greenville, for appellee.

PITTS, Chief Justice.

This suit was filed by appellant, Mrs. J. S. McWhirter, a widow, acting for herself, her son Lucian R. McWhirter, her daughter Mrs. W. J. Chastain and her husband W. J. Chastain, against appellee, Benton P. Morrow, for $1,000 as liquidated damages. The case was tried to the court without a jury and judgment was rendered to the effect that appellant take nothing against appellee from which judgment appellant perfected an appeal to the Court of Civil Appeals of the Fifth Supreme Judicial District and the same was transferred to this Court by the Supreme Court.

The record reveals that appellant entered into a written contract with appellee to sell him two tracts of land situated in Hunt County, Texas, for a consideration of $1,000 in cash and the further sum of $6,250 when an abstract was furnished showing good and sufficient title to the land and when the sale was consummated. Appellant agreed to give possession of the "premises within 3 or 4 weeks from the date of the instrument", which was dated and executed March 6, 1946. For a consideration of the cash deposit of $1,000 the last paragraph of the contract provides that the purchaser should have an option to buy the land in question and either to perform and require performance of the contract in full or to "disaffirm" the same if he may elect to do so. In the event he elected to disaffirm, the cash consideration of $1,000 was to be retained by appellant as liquidated damages and in that event there would be no further liability or obligation required by either party. The record further reveals that on the same date the contract was executed both appellant and appellee executed checks in the sum of $1,000 each and each check was made payable to the other party. The parties delivered both checks to the broker who was assisting in making the sale. On the same date appellant caused to be drawn a deed conveying the land in question and it was executed by herself and the above-named heirs and placed in the hands of the said broker. The abstract of title was delivered to appellee by the broker on March 28, 1946, at which time the broker still held the deed and both checks. Appellee placed the abstract in the hands of his attorney immediately thereafter for examination and the same was returned to him on March 30, 1946, with attention called to two or three "flaws" or "defects" in the title to the said land. On March 31, 1946, appellee and the broker went over the matter together and appellee told the broker he would accept the title as being satisfactory regardless of the flaws or defects in the title, that he was ready to close the trade and that he wanted possession of the property. The broker testified that on April 1, 1946, he told appellant that appellee had accepted the title and was ready to close the trade and that he (the broker) could get her moved and her household goods stored for $50; that he would pay that sum himself and she could deduct it from his commission when she paid it to him, to all of which appellant agreed and said "I will pack up", and give possession "Monday or Tuesday" which would have been April 8 or 9, 1946. The broker further testified that he advised appellee immediately what appellant had said.

Appellant contends that appellee elected to disaffirm under the provisions of the optional clause set forth in the last paragraph of the body of the contract, that he therefore forfeited the $1,000 and that she was entitled to the same as liquidated damages. The trial court found to the contrary. No findings of fact and conclusions of law are found in the record and none requested in so far as the record reflects. It is therefore presumed that the

facts found by the trial court supported its judgment. If there be evidence of probative force to support the facts in such a case it is the duty of the reviewing court to affirm the judgment of the trial court if such can be done on any reasonable theory supported by the evidence and authorized by law. Connor v. City of University Park, Tex.Civ.App., 142 S.W.2d 706; Humphrey v. Southport Petroleum Co., Tex.Civ.App., 131 S.W.2d 395; Strickland v. Humble Oil & Refining Co., Tex.Civ. App., 181 S.W.2d 901; Landwer v. Fuller, Tex. Civ.App., 187 S.W.2d 670. Under such circumstances this Court is required to construe the evidence in the light most favorable to the appellee and in considering the sufficiency of the evidence to sustain the findings, we are required to disregard all evidence adverse thereto and to consider only the evidence favorable to the findings, indulging every legitimate conclusion which tends to uphold such findings. Barrick v. Gillette, Tex.Civ.App., 187 S.W. 2d 683 and all other authorities there cited.

In addition to the evidence hereinabove set out, appellee testified that after he agreed to accept appellant's offer to sell he talked to the broker several times about getting possession, discussed it with him even after the four weeks from the date of the contract had expired and tried to get possession; that the broker discussed the matter with appellant and reported to him what she said but he could not get possession of the property; that he told the broker he would enter into a new contract with appellant, put the full consideration, the new contract and the deed in escrow in the bank, extend her time eight or ten days longer and even for a longer period of time than that if she would agree to pay $2.50 per day for every day she continued to occupy the property beyond ten or twelve more days without any charge; the record shows that he went immediately and talked to her about it and she declined to accept appellee's proposal. Appellee further testified that he did not abandon the trade until he wrote her on April 12, 1946, advising her that since she had failed to deliver possession of the premises the sale would not be consummated or be given any further consideration by him. However, appellee tendered in his pleadings and offered in open court during the trial to accept the title, pay the full consideration, and consummate the sale if she would give him immediate possession which she in open court declined to do.

■ It is conceded by appellant that the option clause in the contract is a mere offer to sell and that appellee did not bind himself to buy but he may or may not accept the offer. It is further conceded that if he failed to accept the offer to sell his only liability was the forfeiture or loss of the $1,000 consideration. Northside Lumber & Bldg. Co. v. Neal, Tex.Civ.App., 23 S.W. 2d 858. Until the offer was accepted by appellee there was not a legal binding contract of sale. Texarkana Pipe Works v. Caddo Oil & Refining Co. of Louisiana, Tex.Civ.App., 228 S.W. 586. But, when the optionee, the appellee in this case, accepted the offer of appellant to sell within a reasonable length of time and under the terms specified in the contract it became a binding contract on both parties. Northside Lumber & Bldg. Co. v. Neal, supra; Texarkana Pipe Works v. Caddo Oil & Refining Co. of Louisiana, supra, 10 Tex. Jur. 56, Sections 31 and 17, and other authorities there cited.

■ Appellant's first witness, J. P. Copeland, the broker, testified that appellee accepted appellant's proposal to sell on March 31, the third day after the abstract was presented to him for approval and that appellee tried to get possession of the premises. Appellee testified that he accepted the proposal to sell on the said date, the same being the next day after his attorney returned the abstract to him. Certainly the acceptance date was within a reasonable length of time. The testimony of these witnesses is not denied. Then unquestionably appellee did not elect to disaffirm the proposal and forfeit his $1,000 but he elected to accept the offer to perform the terms of the contract. Under the authorities above cited and many others, the optional provisions of the contract became moot and the liquidated damages were no longer available to appellant. The contract then became binding on both parties and either party could be held liable for the breach

320

of its terms. One of the provisions of the contract was that appellant agreed to give possession of the "premises within 3 or 4 weeks" from the date of the contract or not later than April 3, 1946. In spite of the efforts made by appellee to get possession, she did not give possession and obviously she violated the terms of the contract herself. However, appellee testified that he proposed through her broker to extend her time for giving possession under the terms of a new contract, place the full consideration and all the papers in escrow until the contract could be consummated but her broker reported to him that she refused such proposal. The record reveals that appellee offered during the trial to consummate the trade if she would deliver possession of the premises immediately and she refused. Obviously the trial court found such to be the facts and the evidence is amply sufficient to support such findings.

Under the record and the law applicable thereto, the judgment of the trial court is affirmed.