**TRINITY SAND AND GRAVEL COMPANY, Appellant,**

v.

**John Charles WALL, Appellee.**

No. 6534.

Court of Civil Appeals of Texas.

Beaumont.

Nov. 8, 1962.

Rehearing Denied Dec. 5, 1962.

Crutchfield & DeCordova, Beaumont, for appellant.

Beck & Beck, Beaumont, for appellee.

STEPHENSON, Justice.

This action, instituted by John Charles Wall, appellee, against Trinity Sand and

Gravel Company, appellant, sought recovery of the sum of $14,791.66, which appellee alleged was due him as a result of appellant having exercised an option which effected an extension of a non-competition agreement between the parties. Appellee contended that the agreement was extended for a period of three years eleven and one-half months and that appellant became obligated to pay for the full three years eleven and one-half months extension in advance.

By way of answer, appellant, in substance, attacked the validity of the option provision; alleged that any contract proposed by it was never consummated, and alternatively it sought to have the trial court find that the option had been exercised for a period of only one year and that appellant was not indebted to appellee in any sum. Further in the alternative, appellant urged that if there were a valid contract and it had been extended for three years eleven and one-half months, that appellant was entitled to pay for such extension in annual installments of $5,000 each.

By way of cross action, appellant alleged, in substance, there never was an enforceable contract consummated between the parties and sought recovery of the $5,000 it had previously paid appellee.

The case was submitted to the trial court upon an agreed statement of facts and judgment was rendered in favor of appellee in the amount of $14,791.66, plus interest thereon from the 31st day of January, 1961.

Following is the option provision of the agreement executed by appellant and a series of letters exchanged between the parties (formal parts omitted), which were submitted to the court in the agreed statement of facts:

Paragraph 4

" * * * the undersigned hereby grants to said Trinity Sand and Gravel Company the option to extend this agreement beyond the term of my employment by the said Trinity by paying the undersigned at the rate of Five Thousand ($5,000.00) Dollars per year for such additional time, but in no event to exceed ten (10) years from date hereof * * *.

"s/ John Charles Wall
"John Charles Wall"

On October 31, 1960 appellee wrote appellant the following letter:

"Gentlemen:

"You have terminated my employment effective October 31, 1960.

"Under date of October 15, 1959, I accepted a non-competition agreement with you which provided that I would not compete on the terms therein stated as long as I was in your employ.

"This agreement further provided that you had the option to extend same beyond the term of my employment not to exceed 10 years from October 15, 1959, by paying me at the rate of $5,000.00 per year for each year of such extension.

"I now call upon you to either exercise this option or relieve me therefrom. Though said agreement did not provide for a time or manner in which said option should be exercised, I hereby give you two weeks from this date within which to exercise or not exercise same, and if you exercise same, to provide the period of time you wish, and request that official notification of your action be made in writing and directed to me in care of J. R. Beck, P. O. Box 149, Beaumont, Texas. If you have not exercised such option within the two weeks period, I will consider myself relieved therefrom.

"s/ John Charles Wall
"John Charles Wall"

November 15, 1960, appellant wrote the following reply to the above letter:

"Dear Mr. Wall:

"Reference your letter of October 31, 1960, in connection with the non-com-

petition agreement between Trinity Gravel and Sand Company and yourself, we hereby exercise the option to extend that agreement for four years from October 15, 1960.

"It is our intention hereby that such agreement remain in effect until October 15, 1964, with the understanding that you were employed through October 31, 1960."

January 3, 1961, appellee wrote the following demand letter to appellant:

"Gentlemen:

"Under date of October 15, 1959, I executed a Non Competition Agreement with you which provided that I would not compete against you upon the terms therein stated as long as I was employed by you, and further provided that you had the option to extend the termination of such agreement beyond the term of my employment by paying me at the rate of $5,000.00 per year for each year of such extension.

"You terminated my employment on October 31, 1960 and I wrote you on October 31, 1960 calling on you to either to exercise such Agreement or relieve me from such Agreement.

"By letter dated November 15, 1960, you exercised such option and extended such Agreement for four (4) Years from October 15, 1960, stating that same would be in effect until October 15, 1964.

"This action extended such agreement for three (3) years and eleven and one-half (11½) months beyond my employment by you and you are therefore now indebted to me in the sum of $19,-791.66, and I hereby make demand upon you for the payment of such sum.

"Unless I have received payment by January 23, I will have no alternative but to force the collection thereof by the Courts.

"Will you please send such sum due in care of J. R. Beck, P. O. Box 149, Beaumont, Texas. Waiting to hear from you, I am,"

On January 25, 1961, appellant wrote the following letter to appellee's attorney:

"Dear Dick:

"Enclosed herewith is a check for $5,000, payable to John Charles Wall, in payment for an extension of one year on the non-competition agreement between Mr. Wall and Trinity Sand and Gravel Company.

"This has reference to our letter of November 15, 1960, in which we exercised our option by notifying Mr. Wall of our extension of the said non-competition agreement until October 15, 1964. This check is in payment for the first full year, through October 31, 1961."

January 31, 1961, appellee wrote appellant the following demand letter:

"Gentlemen:

"By letter dated January 25, 1961, directed to Mr. J. R. Beck, you forwarded me a check for $5,000.00, which I have cashed and accept as a part payment on the monies you owe me.

"This leaves a balance due of $14,-791.66, and I hereby make demand upon you for the payment of such sum.

"Unless I have received payment thereof by February 13, 1961, I will have no alternative but to force the collection thereof by the Courts.

"Will you please send such sum in care of J. R. Beck, P. O. Box 149, Beaumont, Texas.

"Waiting to hear from you, I am,"

February 9, 1961 appellant wrote appellee the following letter:

"Dear Mr. Wall:

"Your recent letter in which you demand the full 4 years payment at this time, under our non-competition agree-

ment of on or about October 15, 1959, has pointed up clearly the difference that has existed since our otion letter dated November 15, 1960.

"It is obvious that no contract exists, and I therefore hereby request the immediate return of the check for $5,000 transmitted to you by our letter dated January 25, 1961."

In connection with the statement of facts, the parties agreed that the only questions between them were questions of law concerning the construction and validity of Paragraph Number 4 of their contract as hereinbefore first set out. The questions were submitted to the Court by agreement that they should constitute the basis for judgment. The substance of the questions are characterized by the trial court's following conclusions of law in response thereto:

## "1.

"As a conclusion of law, I rule and hold that the language in the said document above set out under Question of Law 'A' is not vague, uncertain and indefinite in determining and in defining the nature and extent of the duties and obligations of the parties. Further, concerning Question of Law 'A', I conclude and hold as a conclusion of law that there was and is a valid and enforceable contract between the parties hereto.

## "2.

"In response to Question of Law 'B', I hereby hold and find as a conclusion of law that there was no irreconcilable conflict in the interpretations placed upon the provisions of said language by the parties to this suit. I further find as a conclusion of law that there was and is a valid and enforceable contract between the parties to this suit and that there had been a meeting of the minds and that there has been mutual assent, and that there

has been an offer and acceptance and valid consideration.

## "3.

"I further find and hold as a conclusion of law that John Charles Wall is entitled to recover of and from the Trinity Sand and Gravel Company the sum of $14,791.66 plus interest thereon from January 31, 1961 at the rate of 6% per annum, together with all costs of this suit, and that this instant conclusion of law is in response to Question of Law 'C'.

## "4.

"In response to Question of Law 'D', I hold and find as a conclusion of law that the proper construction of the contract is not to allow Trinity Sand and Gravel Company to make payments in the amount of $5,000.00 each year, but that the said John Charles Wall should recover the said $14,791.66 plus interest and costs as above set out.

## "5.

"In response to Question of Law 'E', I find and hold as a conclusion of law that the said Trinity Sand and Gravel Company is not entitled to recover of and from John Charles Wall the sum of $5,000.00 plus interest or any sum of money whatsoever."

■ Seeking to sustain the judgment of the trial court, appellee vigorously urges that appellant's letter of November 15, supra, in and of itself effected a binding exercise of the option for three years eleven and one-half months. Such contention is without merit inasmuch as the agreement expressly provided that the option should be exercised by appellant paying five thousand dollars for each year it desired to hold appellee to the non-competition agreement. Appellant's letter of November 15th did not meet this condition of payment imposed by the option agreement, hence no contract

resulted by reason of said letter. City of El Paso v. Long, Tex.Civ.App., 209 S.W. 2d 950.

 Appellee asserts, however, that appellant is bound by admissions in its pleadings that its letter of November 15, 1960, constituted an exercise of the option. This contention is also without merit. The statement of facts was submitted to the trial court by the agreement of the parties herein that the same constituted the facts proven upon which judgment should be rendered without further record or need therefor. The trial court certified to the correctness of such statement. When a case is tried in a court below upon an agreed statement, and upon appeal such statement constitutes the statement of facts here, both courts are limited to the facts as agreed to. The pleadings filed in the case are immaterial and will be disregarded. Cousins v. Cousins, Tex.Civ.App., 42 S.W.2d 1043.

By its first point of error, appellant contends that the option was never exercised by it for any period of time. It urges that its letter of January 25, 1961, supra, enclosing a check for $5,000 in payment for an extension of one year on the non-competition agreement was only an offer on its part, which was not unconditionally accepted by appellee as shown by its reply letter of January 31, 1961, supra. Alternatively, by its second point, appellant contends that it only exercised the option for a period of one year.

We overrule appellant's first point of error and sustain its second point. The payment of $5,000.00, evidenced by appellant's check enclosed in its letter of January 25, 1961, was a valid exercise of its option to extend the non-competition agreement for a period of one year. This did not constitute an offer by appellant, it constituted an unqualified acceptance for a period of one year of appellee's offer contained in the option agreement, thus creating a binding contract between the parties for a

period of one year only. McWhirter v. Morrow, Tex.Civ.App., 203 S.W.2d 317.

The judgment of the trial court is reformed in accordance with our foregoing conclusions, and as reformed the judgment is affirmed.

Affirmed.