

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

September 22, 1964

Honorable T. W. Bullington
County Attorney
Knox County
Munday, Texas

Dear Mr. Bullington:

Opinion No. C-314

Re: Taxation of property which is
under an option to purchase
after January 1st, and whether
property should be taxed at
its true and full value in
money.

We have received your letter in which you submit the
following statement:

"A taxpayer appeared on behalf of himself
before the Knox County Commissioner's Court sitting
as a Board of Equalization and complained that the
evaluation assessed on his cattle was improper.
The taxpayer stated to the Board that he raises
his own mother cows, and they produce a calf crop
each year; that when he renders these mother cows
for tax purposes he depreciates the values of the
mother cows each year, not taking into consideration
their actual cash value. Said depreciated value is
less than the actual cash value of said mother cows.
Said taxpayer further stated that he contracts to
deliver the calf crop each year after January 1st,
to a proposed purchaser. The proposed purchaser
enters into a contract with the taxpayer before the
1st of January and tenders the sum of $10.00 on each
calf contemplated to be purchased. Said contract
provides that if the purchaser does not desire to
consummate this contract when the calves are ready
for delivery after the 1st of January he may forfeit
the $10.00 per calf and the contract shall become
null and void."

You submit the following questions:

"1. Are the calves contracted before January 1st
of each year, to be delivered after January 1st of
each year under the facts above set out, the property
of the taxpayer and subject to taxation, or the pro-
perty of the purchaser?

-1494-

"2. Is the taxpayer entitled to depreciate his mother cows each year without considering their actual cash value or is the taxpayer required to report the actual cash value of said mother cows?"

## FIRST QUESTION

In your first question, you desire to know who owns the calves on January 1st, since the owner on such date is required under Article 7151, Vernon's Civil Statutes, to list the same for taxation for the ensuing year. The answer to this question depends upon the contract between the optionor and optionee. You state what the optionor says pertaining to the contract. In your letter and brief which you have submitted to us, you assume that the optionee only had an option to purchase the calves after January 1st under the option contract which was entered into before January 1st. Upon this assumption alone, we will answer your question.

In 13 Tex.Jur.2d 161, Sec. 37, it is said:

"An option is merely an offer that binds the optionee or holder of the option to do nothing; he may or may not accept the offer, as he chooses, within the time specified. Until it is accepted, an option is not, in legal effect, a completed contract. . . ."

In Corsicana Petroleum Co. v. Owens, 110 Tex. 568, 222 S.W. 154 (1920), the Court said:

". . . A contract for the grant of an option is necessarily unilateral. An option is granted for the purpose of enabling the grantee to exercise the particular right or not, as he may elect. The value of it consists in that privilege. Owners of property have the unquestioned power to grant such rights with respect to it. They are free to validly make such contracts. When so made, it is the duty of courts to uphold and enforce them. A contract for the grant of an option, limited to a definite time, is therefore valid and enforcible if supported by an independent consideration . . . ."

In McWhirter v. Morrow, 203 S.W.2d 317 (Tex.Civ.App. 1947), the Court said:

"It is conceded by appellant that the option clause in the contract is a mere offer to sell and that appellee did not bind himself to buy but he may or may not accept the offer. It is further conceded that if he failed to accept the offer to sell his only liability was the forfeiture or loss of the $1,000 consideration. Northside Lumber & Bldg. Co. v. Neal, Tex.Civ.App., 23 S.W.2d 858. Until the offer was accepted by appellee there was not a legal binding contract of sale. Texarkana Pipe Works v. Caddo Oil & Refining Co. of Louisiana, Tex.Civ.App., 228 S.W. 586 . . . ."

As the contract above mentioned was only an option to purchase the calves, and since the option was not to be exercised until after January 1st, we answer your first question by saying that the optionor of the calves was the owner for taxation on January 1st.

## SECOND QUESTION

Your second question is fully answered by Attorney General's Opinion No. V-776, a copy of which is enclosed.

## S U M M A R Y

If the owner of property before January 1st enters into a contract giving a person an option to purchase the property after January 1st, the property should be listed for taxation for the ensuing year in the name of the optionor.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: H. Grady Chandler
Assistant

HGC/fb

Enclosure

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
J. H. Broadhurst
John Allison
Bob Flowers
Harry Gee

APPROVED FOR THE ATTORNEY GENERAL
By:  Roger Tyler