George E. HUTCHERSON, Appellant,

v.

Edward C. CRONIN et al., Appellees.

No. 327.

Court of Civil Appeals of Texas.

Tyler.

March 28, 1968.

Rehearing Denied April 18, 1968.

Oldham & Lorance, Beatty Oldham, Houston, for appellant.

John B. McDonald, Palestine, for appellees.

MOORE, Justice.

This is a trespass to try title suit. Plaintiffs, Edward C. Cronin et al., alleged that on April 18, 1965, they were the owners of three city lots situated in Palestine, Anderson County, Texas, and that on said date defendant, George E. Hutcherson, unlawfully dispossessed them and continues to withhold possession from them. Their prayer was for title and possession and for rent at the rate of $200.00 per month. Defendant, Hutcherson, answered with a plea of not guilty and a cross-action. By his cross-action, defendant alleged that on April 18, 1962, he entered into a lease-purchase contract with plaintiffs agreeing to lease the property in question for a period of one year; that under the terms of the contract, he was granted two one-year options to extend the same for the additional two years, together with an option to purchase the said lots. He alleged that he took possession of the lots and made valuable improvements thereon and subsequently exercised his option to purchase in accordance with the contract but that plaintiffs refused to deliver him a deed. His prayer was for specific performance of the contract to sell as provided for in the lease-purchase agreement.

Trial was before the court, without a jury. The court rendered judgment in favor of plaintiffs for title and possession and for rent in the amount of $200.00 per month. Defendant's motion for new trial was overruled and thereafter he duly perfected this appeal.

We affirm the judgment of the trial court.

The record shows, without dispute, that on April 18, 1962, plaintiffs and defendant entered into a lease-purchase contract by the terms of which the plaintiffs leased to defendant the property in question for a period of one year commencing on the 18th day of April, 1962, and ending on the 17th day of April, 1963. The contract also contained the following provision:

"The Lessee is hereby given the option of extending this lease for two one year periods, the first year to begin April 18, 1963, to April 17, 1964, and the second year to begin on April 18, 1964, and end on April 17, 1965. Said option may be exercised by the giving of written notice to the Lessors at 4405 Dowling Street, Houston, Texas, on or before March 18, 1963, and on or before March 18, 1964, in the event option for both years is exercised.

"In addition to the option given the additional option of purchasing the above property for FIFTEEN THOUSAND AND NO/100 DOLLARS ($15,000.00) on or before April 18, 1963, and all rent paid under this lease agreement will be applied as a credit to the Lessee toward such purchase price. Said option must be exercised by the giving of written notice to the Lessors at 4405 Dowling Street, Houston, Texas, by a letter postmarked on or before midnight, April 18, 1963."

At the request of the defendant, the trial court filed the following findings of fact and conclusions of law, to-wit:

"FINDINGS OF FACT:

"1. That Plaintiffs and Defendant entered into a written contract whereby Plaintiff leased to defendant the property described in Plaintiffs' Original Petition in this suit.

"2. That said lease was prepared by an attorney employed by William L. Cronin, on behalf of plaintiffs, and paid by them.

"3. That the lease was for 1 year beginning April 18, 1962 with an option of extending the lease for two one year periods by giving written notice to lessor on or before March 18, 1963 and March 18, 1964.

"4. That on March 8, 1963, defendant sent a letter to the address specified in the contract stating 'I wish to exercise my option to extend the lease agreement for another year. This will cover the period from April 18, 1963, to April 17, 1964.'

"5. That the lease contained the following provision: 'In addition to the option given the additional option of purchasing the above property for Fifteen Thousand and No/100 Dollars ($15,000.00) on or before April 18, 1963, and all rent paid under this lease agreement will be applied as a credit to the Lessee toward such purchase price. Said option must be exercised by the giving of written notice to the Lessors at 4405 Dowling Street, Houston, Texas, by a letter postmarked on or before midnight April 18, 1963.'

"6. That on April 18, 1963, the defendant sent a letter to the address specified in the contract stating: 'This letter is notification that I will continue leasing the three lots here in Palestine for the period from April 18, 1964 through April 17, 1965. Also, I wish to

exercise my option to purchase the lots at the end of the lease, April 17, 1965, at which time I will have paid a total of $5,550 toward the purchase price. I will pay the balance of $9,450 in cash, or I will give you a note, whichever is satisfactory to you and the other Lessors.'

"7. That upon receipt of the letter containing the statement above, Mrs. Virginia Lawson, one of the plaintiffs and on behalf of the other plaintiffs, wrote a letter to defendant stating that defendant's proposals regarding the option to purchase were unacceptable.

"8. That defendant thereafter made no other proposals or communication with plaintiffs regarding the purchasing of the property until April 15, 1965; at which time his attorney by letter demanded that a deed conveying the property to defendant be made by plaintiffs, and that defendant was ready to make payment of $9,450.00.

"CONCLUSIONS OF LAW:

"1. The court concludes that defendant herein failed to exercise his option under the terms of the lease-purchase agreement in the following respects:

"(a) Defendant stated in his letter of April 18, 1963, 'I wish to exercise my option to purchase the lots at the end of the lease, April 17, 1965,' whereas the lease agreement provided, ' * * * the additional option of purchasing the above property * * * on or before April 18, 1963.'

"(b) That the right to purchase on or before April 17, 1963 did not include the right of an option to purchase on April 17, 1965.

"2. The court finds that the defendant failed to tender in any form the difference between rent paid under the lease and the agreed purchase price of $15,000.00 at the time or at a reasonable time after the writing of the letter on April 18, 1963. The lease provided that

rent *paid* before purchase would be credited to the purchase price whereas only $1800.00 had been paid on April 18, 1963 and the difference between $15,000.00 and $1,800.00 is $13,200.00 which amount was never tendered.

"3. The court finds that the word purchase means to acquire title and ownership, and that a purchaser is one clothed with legal title; and that the option given in the lease herein provided for the purchase on or before April 17, 1963 and precluded the right to purchase at any time thereafter.

"4. The court concludes that judgment should be rendered for plaintiff."

Appellant did not challenge any of the foregoing findings of fact as being without support in the evidence, nor did he except to any of such findings or request any additional findings.

By six points of error, appellant contends that the trial court erred in finding that he failed to exercise his option to purchase and in refusing to decree specific performance. He contends that by the terms of his letter dated April 18, 1963, he accepted appellees' offer to sell and as a result, appellees became obigated to deliver him a deed of conveyance. Appellees, on the other hand, say that the letter was not sufficient to constitute an unequivocal and positive acceptance of the offer to sell so as to create a binding contract between the parties but, on the contrary, amounted to a rejection of the offer.

The acceptance of an option, to be effectual, must be unqualified, absolute, unconditional, unequivocal, unambiguous, positive, without reservation, and according to the terms or conditions of the option. Substantial compliance with the terms of the option is held not sufficient to constitute an acceptance; to be effectual, the acceptance must be identical with the offer, or, at least, there must be no substantial variation between them. An acceptance of an option must be such a compliance with the conditions as to bind both parties, and if it fails to do so, it binds neither. In the absence of anything in the option contract providing otherwise, an acceptance meeting the foregoing requirements is a sufficient exercise of the option. On the other hand, a purported acceptance containing a new demand, proposal, new conditions, or modification of the terms of the option is no acceptance, but amounts to a rejection of it. 91 C.J.S. Vendor and Purchaser § 10, p. 853; Godfrey v. Central State Bank (Tex.Civ.App.), 5 S.W. 2d 529; Lambert v. Taylor Telephone Cooperative (Tex.Civ.App.), 276 S.W.2d 929; Summers v. Mills, 21 Tex. 77; Vratis v. Baxter (Tex.Civ.App.), 315 S.W.2d 331, 337.

The right of option must be exercised or, as it is frequently stated, the option must be accepted strictly in accordance with its terms in order that an option may ripen into a contract of sale, entitling the optionee to a conveyance and obligating him to perform the contract on his part. Ordinarily, an option becomes a binding contract when it is properly accepted; the acceptance or exercise adds to the agreement the mutuality that is otherwise lacking. 58 Tex.Jur.2d, Vendor and Purchaser, Sec. 67, pages 270–272.

The primary question which we are called upon to determine is whether or not appellant's purported letter of acceptance, dated April 18, 1963, was sufficient to constitute an unqualified, absolute, unconditional, positive acceptance of the option according to the terms thereof. We are of the opinion that it did not.

Under the terms of the option, appellees agreed to sell to the appellant the lots in question on or before April 18, 1963, for the sum of $15,000.00, provided appellant accepted their offer on or before the option expired on said date. While it is without dispute that appellant properly posted a letter to appellees on April 18, 1963, within the time prescribed by the contract, the ultimate issue is whether or not the con-

tents of such letter can be construed as an acceptance of the offer. The pertinent part of the letter relative to the option is as follows:

"I wish to exercise my option to purchase the lots at the end of the lease, April 17, 1965. * * *"

The contract granted appellant the right to purchase on or before April 18, 1963. It is obvious, we think, that a mere expression of willingness to purchase the lots on April 17, 1965, cannot be construed as an unconditional acceptance of the offer to sell on or before April 18, 1963. As we view the contents of appellant's letter, appellant expressed no desire whatever to purchase the property at that particular time, but said only that he would be willing to purchase the property on April 17, 1965, provided appellees would agree to credit him with all the rent which he had paid during the full three-year period of the lease. We fail to find anything in the lease-purchase agreement which could, in any way, be construed to extend the option throughout the term of the lease. We fail to see how the letter could, in any manner, be construed as an unequivocal acceptance of the offer sufficient to bind both appellant and appellees upon a contract of sale as of April 18, 1963. Certainly it did not bind appellant upon the contract as of that date or at any time prior to the expiration of the option. Thus, the purported acceptance did not bind both parties; hence, neither party was bound. As we view it, appellant's purported letter of acceptance amounted to nothing more than a counter-proposal whereby appellant offered to purchase the lots upon the expiration of the lease. Since appellant did not agree to purchase the lots in accordance with the option within the time limit prescribed, the element of mutual assent was lacking and, as a consequence, the offer of sale never ripened into a contract within the time limits as prescribed by the option. As we view it, the contents of appellant's letter cannot be construed as

an acceptance of the offer, but on the contrary, amounted to a rejection of it.

Since appellant did not accept the offer within the period of time prescribed by the option the question of whether or not the contract was subject to the construction that all rents paid by appellant under the lease would be applied as a credit upon the purchase price becomes immaterial. Had the appellant properly exercised his option, an interpretation of such provisions might have been a legitimate subject of judicial inquiry, but since he did not, any discussion of such subject would be purely academic and unnecessary.

The judgment of the trial court is affirmed.