Robert A. WHITE et al., Appellants,

v.

Charles Bolanz MILLER, Trustee, Appellee.

No. 779.

Court of Civil Appeals of Texas, Tyler.

Dec. 19, 1974.

Rehearing Denied Jan. 23, 1975.

Hewett, Johnson, Swanson & Barbee, David P. Seikel, Don Campbell, Dallas, Morgan & Shumpert, Kurt Philippus, Kaufman, for appellants.

Green, Gilmore, Crutcher, Rothpletz & Burke, John Plath Green, Dallas, Harold Hollingsworth, Kaufman, for appellee.

McKAY, Justice.

Appellee, Charles Bolanz Miller, brought suit to remove a cloud from the title to a 219-acre tract of land in Kaufman County. The land was the subject matter of a contract of sale by and between the appellee as vendor and the appellants, Robert A. White, et al, as vendees. The contract of sale was not recorded, but an unacknowledged affidavit of an appellant referring to the contract was recorded. This affidavit caused the cloud on the title. Appellants filed a counterclaim for specific performance of the contract, or in the alternative for damages. Both parties filed motions for summary judgment. The trial court overruled appellants' motion and granted the motion of appellee from which action appellants now appeal.

We affirm the judgment of the trial court.

On October 4, 1972, appellee Miller and the appellants entered into a contract of sale with respect to 219 acres of land. Paragraph 4B of the contract provides:

"The purchaser shall be given 30 days from the date of this contract to obtain first lien financing in the amount of $100,000.00 payable over a 30 year period from the Federal Land Bank of Kaufman County, Texas. Purchaser will deliver to Seller a certified copy of the commitment. If said commitment is not delivered to Seller by Purchaser within 30 days, at Seller's option, this contract is null and void and the escrow deposit will be returned to Purchaser in accordance with paragraph 10."

Appellants paid $5,000 earnest money which was then put into an escrow ac-

count. On October 28, appellants received notice from the Canton office of the Federal Land Bank that their loan for $100,000 had been approved. The appellants then notified their agent, Tompkins, who on October 31, notified appellee by telephone. Written confirmation was not provided at this time. On November 3, Tompkins learned that appellee was considering the sale of the land to a third party and notified the appellants. On November 6, thirty three days after execution of the contract, appellee sent a letter to the appellants stating that the contract "is cancelled and is now null and void," because of appellants' failure to comply with paragraph 4B. On November 10, the 37th day following the execution of the contract, a written confirmation of the loan commitment was delivered to appellee. Appellee had already entered into another contract with a third party, and refused to consummate the transaction with appellants. This suit was then brought to have the affidavit removed from the Kaufman County Deed Records.

■ Appellants bring two points of error and an alternative point. In the first two points, appellants contend that the original agreement was a contract of sale and that the delivery of a written notice of the loan commitment as required by paragraph 4B was not, as a matter of law, a condition precedent to appellee's obligation to close the contract. In distinguishing between a contract of sale and an option, the question to be determined is whether one party is obligated to sell and the other to purchase or whether there is conferred a right to purchase if there is an election to do so. Redwine v. Hudman, 104 Tex. 21, 133 S.W. 426 (1911); Rabinowitz v. North Texas Realty Co., 270 S.W. 579 (Tex.Civ. App.–Austin, 1925, wr. dism'd); Stevens v. Karr, 119 Tex. 479, 33 S.W.2d 725 (Tex. 1930); Parker Co. v. Perkins, 251 S.W.2d 765 (Tex.Civ.App.–San Antonio, 1952, n. w. h.).

■ It is our opinion that through this agreement the appellee-vendor granted an option to purchase to appellants. The purpose of a purchase option is to give the optionee the right to purchase at his election within an agreed period at a named price. Sinclair Refining Co. v. Allbritton, 147 Tex. 468, 218 S.W.2d 185 (1949). The appellants had an irrevocable option good for 30 days to secure the Federal Land Bank loan and purchase the land. They had made no promise of any kind but had an equal right to either buy or not to buy. Appellee, however, was bound by the agreement and the $5,000 earnest money as consideration not to sell the land to anyone other than appellants during the 30-day period. However, if appellants failed to exercise their option, then appellee had the option to either waive the 30-day requirement and maintain the contract or to nullify the contract.

■ Until it is accepted, an option is not, in legal effect, a complete contract. McWhirter v. Morrow, 203 S.W.2d 317 (Tex.Civ.App.–Amarillo, 1947, no writ); Corsicana Petroleum Co. v. Owens, 110 Tex. 568, 222 S.W. 154 (1920). And an optionee is held to a strict compliance with the terms of the option agreement in order that it may ripen into a contract of sale. Zeidman v. Davis, 161 Tex. 496, 342 S.W. 2d 555 (1961); Hutcherson v. Cronin, 426 S.W.2d 638 (Tex.Civ.App.–Tyler, 1968, no writ). To be effectual, acceptance of an option must be unqualified, absolute, unconditional, unequivocal, unambiguous, positive, without reservation and according to terms or conditions of the option. Substantial compliance with the terms of an option is not sufficient to constitute an acceptance. The acceptance must be in identical terms with the offer. Hutcherson v. Cronin, supra.

■ It is without question that the appellants did not provide written confirmation within 30 days of obtaining the Federal Land Bank loan as required by paragraph 4B. Only verbal confirmation by their agent over the telephone was provided. Therefore appellants did not strict-

ly comply with the terms of the option. It has been held: "If an option contract requires notice of intention as to optionee's exercise of the option, 'failure to give such notice on time is fatal. Time is of the essence of an option.'" Ducc Realty Co., Inc. v. Cox, 356 S.W.2d 807 (Tex.Civ. App.–Waco, 1962, no writ). Appellants' first two points are overruled.

In appellants' third point it is contended, alternatively, that questions of fact are pesented by (1) an allegation of substantial performance with the loan commitment provision and (2) a question of whether time is of the essence with respect to the loan commitment provision. Appellants allege that the presence of these fact issues preclude the court from granting summary judgment.

In Johnson v. Portwood, 89 Tex. 235, 34 S.W. 596 (1896), Chief Justice Gaines stated:

"In an ordinary contract for the conveyance of land, in which the purchase money is to be paid at a future day, time is not usually held to be of the essence of the contract. But, when the transaction is in the nature of a unilateral contract,—where a party is given an option to acquire a right by doing a certain thing within a specified time,—it is held that time is essential, and that in order to secure the right he must comply within the specified period. This is settled law."

Therefore, the question of whether time is of the essence is established as a matter of law. See also Ducc Realty Co., Inc. v. Cox, supra. Under Rule 166–A, T.R.C.P., summary judgment shall be rendered if it is shown that there is no genuine issue as to any material fact. The question of substantial performance is immaterial to the questions presented in this case. Hutcherson v. Cronin, supra. Point of error Number three is overruled.

Judgment of the trial court is affirmed.