HERMAN KRUEGEL v. R. D. BERRY ET AL.

No. 6018.

1. **Assignments of Error.**—An assignment of error which contains no distinct specification of the error complained of, and the basis for which can only be ascertained by an investigation of the entire record, will not be considered.

2. **Specific Performance—Landlord and Tenant.**—A tenant in possession under a written contract with the landlord, which obligates the landlord to make title if the tenant shall within the term pay a stipulated price, may enforce specific performance if he tenders the contract price during the term. If the contract be that a perfect title shall be made on payment of the money, and if it be tendered within the time, the tenant may, as against the landlord, continue in possession until such time as the landlord may be able to comply with his agreement to convey. See opinion for facts.

APPEAL from Dallas. Tried below before Hon. Geo. N. Aldredge. The opinion states the case.

*James A. Simpson*, for appellant. —1. The court erred in its construction of the executory contract entered into between the said Herman Kruegel and the said Robert D. Berry in this, in failing to construe said instrument so as to require of the said Robert D. Berry and his vendees purchasing under him a specific performance of said contract in accordance with the tenor and effect thereof.

2. The court found against the preponderance of evidence in said cause and erred in pronouncing judgment in favor of the city of Dallas, a *mala fides* purchaser under the said Robert D. Berry; and the court erred generally in failing, upon a review of the executory contract or bond for title and the evidence as adduced in said cause, to decree a specific performance in favor of appellant Herman Kruegel. Gilmore v. Holt, 4 Pick., 238; Alexander v. Brown, 1 C. & P., 288.

*W. H. Johnson,* for appellees.— 1. The court did not err in refusing to decree specific performance, because the evidence shows that appellant failed to perform any of the prerequisites necessary to such a decree, and because, owing to the great enhancement in value of the lot, such a decree would have been harsh and inequitable.   62 Texas, 333; 3 Pome. Eq., sec. 1405; 2 Story's Eq., secs. 767, 769;  Smith v. Lawrence, 15 Mich., 499; Chambers v. Livermore, 15 Mich., 381; Wat. on Spec. Perf., 117, 119, 124, 563, 548, 549, *et seq.;* 36 N. J. Eq., 320; Willard v. Taylor, 8 Wall., 501.

2.   The plaintiff seeking a decree of specific performance, must come into court with clean hands and show he has done everything incumbent upon him by the contract, and has been guilty of no laches on his part.

3.   One party can not attorn to another party and recognize him as landlord by paying him rent voluntarily, and then afterwards dispute the landlord's title.

4.   The complainer of encumbrances on title must make complaint to the other party and point out what the encumbrance is.   Wat. on Spec. Perf., sec. 420.

ACKER, PRESIDING JUDGE.—On the 15th day of January, 1880, appellant leased from appellee Berry an unimproved lot in the city of Dallas for a term of two years, and soon thereafter went into possession and built a shop on the lot.

The contract of lease contained the following stipulations and agreements:

"And it is agreed and understood that the party of the second part shall own all improvements that he may place or build thereon, and have the privilege to remove the same at the expiration of the said two years. * * * And it is further agreed to and understood by the party of the first part that the party of the second part shall have the privilege at any time within the expiration of said term of two years to buy from the party of the first part said tract of land herein described, and the party of the first part shall be under obligation to sell, grant, and convey the same to the party of the second part for the specific consideration of three hundred and fifty dollars in hand paid by the party of the second part, and the party of the first part shall give to the party of the second part a satisfactory title in fee simple, free from all encumbrances whatsoever.   But if default shall be made in any of the covenants herein contained on the party of the first part, then this lease shall remain in full force after the expiration of said two years from date aforementioned until such defaults of said covenants are satisfied and made good."

Appellant brought this suit on the 21st day of December, 1884, having been in possession since the lease was executed, tendered $350 as the pur-

chase money of the lot, and asked that Berry and his vendee be required to perform the contract by conveying the lot to him.

The city of Dallas having purchased the lot under Berry, was made a party, and answered that the right to purchase given to appellant in his contract of lease from Berry expired with the two years term, during which time appellant failed to exercise the right by neglecting to tender the purchase money and demand a deed; that more than two years after the expiration of the time in which he had the right to purchase under the terms of the contract with Berry the lot was sold by Berry to one Short; that after this appellant attorned to Short and paid him rent for the lot; that at no time during the term of the lease, nor at any time since, has there been any cloud or encumbrance upon the title to the lot; that these facts were known to the city of Dallas at the time it purchased the lot; that the lot was of the value of about two hundred and fifty dollars at the time the lease was executed, and is now of the value of twenty-five hundred or three thousand dollars; and that if appellant ever had the right to purchase the lot under the contract with Berry he had forfeited the right by his laches, and was estopped by his own acts to obtain the relief sought in this suit. The answer contained a prayer for judgment for possession, quieting title, and for rents. The trial was by the court without a jury, and judgment rendered in favor of the city of Dallas for the relief asked and in favor of the appellant for the improvements on the lot, allowing him thirty days to remove them.

A supersedeas bond was executed and this appeal perfected.

The following assignments of error are urged:

"1.   The court erred in its construction of the executory contract entered into between said Herman Kruegel and the said Robert D. Berry in this, in failing to construe said instrument so as to require of the said Robert D. Berry, and his vendees purchasing under him, a specific performance of said contract in accordance with the tenor and effect thereof.

"2.   The court found against the preponderance of the evidence of said cause, and erred in pronouncing judgment in favor of the city of Dallas, a *mala fides* vendee under the said Robert D. Berry.

"3.   The court erred generally in failing, upon a review of the executory contract or bond for title, and the evidence as adduced in said cause, to decree a specific performance in favor of appellant."

Neither of these assignments distinctly specifies any ground of error, and are too general to entitle them to any consideration in this court. They amount to no more than saying that the judgment is contrary to the law and the evidence. If errors were committed by the trial court these assignments do not point them out, and to find them we must search the entire record, which neither the law nor the rules require us to do.

The judge below filed no conclusions of law and fact, and we have no

means of determining whether the judgment was rendered upon his construction of the contract of lease, as alleged in the first assignment, or whether it was rendered upon the volume of parol evidence adduced upon the trial tending to prove the grossest laches upon the part of appellant, by which he forfeited his right to purchase under the contract, or whether the judgment was predicated upon the doctrine of estoppel arising upon the acts of appellant.

As the appellee has presented no objections to the assignments of error, in the exercise of a privilege rather than the performance of a duty, we have carefully gone through the record in search of errors and have failed to find any. To give to the contract the construction which it manifestly should receive, it means that Kruegel had the right at any time during the term of the lease, two years from January 15, 1880, to purchase the land by paying the consideration agreed upon, and upon a tender of the purchase money within that time he would have been entitled to receive from Berry " a satisfactory title in fee simple, free from all encumbrances whatsoever." If Berry had not been in condition at the time the tender was made to comply with his covenant to make such title, then that clause of the lease which provides for its continuance beyond the term of two years would have taken effect, and the lease would have been continued, by operation of that clause, "until such defaults of said covenants are satisfied and made good." The tender of the purchase money within the two years would have secured to Kruegel the right to purchase, and if Berry had not then been able to make such title as his covenant required, Kruegel would have had the right to continue his possession under the lease and withhold payment of the purchase money until such time as Berry would comply with his covenant to make a perfect title, free from encumbrance.

Independent of the construction given to the contract by the court below, we think that the parol evidence adduced upon the trial, without objection, fully sustains the defenses set up by the city of Dallas, and we are of opinion that judgment of the court below should be affirmed.

*Affirmed.*

Adopted November 13, 1888.

NOTE.—This case, from causes beyond the control of the Reporter, appears out of its regular order.