**J. LAMBERT, Appellant,**

v.

**TAYLOR TELEPHONE CO-OPERATIVE,**
Inc., Appellee.

No. 3146.

Court of Civil Appeals of Texas.

Eastland.

March 11, 1955.

Rufus S. Garrett, Jr., Thorp A. Andrews, Fort Worth, for appellant.

Bradbury, Tippen & Brown, Abilene, for appellee.

COLLINGS, Justice.

J. Lambert brought this suit against Taylor Telephone Co-Operative, Inc. Plaintiff alleged that he was the owner of the properties known as the Telephone Exchange at Lawn, Dudley and Ovalo, Texas, with extension to Goldsboro, Texas, which consisted of real and personal property. Plaintiff alleged that the parties entered into an agreement whereby the defendant acquired a ninety day option to purchase said properties for a consideration of $11,000; that the option was not exercised but expired by its terms on January 27, 1952; that thereafter the option contract was filed and recorded in various counties where the properties involved are located. Plaintiffs sought a judgment removing cloud from the title to such properties. The defendant filed an answer and cross action alleging that it had duly exercised its option to purchase the property and sought specific performance of the option contract. The trial was before the court without a jury and on stipulated facts. Judgment was entered for specific performance of the contract and J. Lambert has appealed.

A copy of the option agreement between the parties was attached to appellee's cross action as Exhibit A and is as follows:

"The State of Texas

"County of Jones

"Know All Men By These Presents: For and in consideration of the sum of Ten and no/100 ($10.00) Dollars cash in hand paid by the Taylor Telephone Co-Operative, Inc., the said J. Lambert and Jane Lambert does hereby grant to the Taylor Telephone Co-Operative, Inc. an option to purchase for the sum of Eleven Thousand and no/100 ($11,000.00) Dollars, the following described property, to-wit: The exchange at Lawn, Dudley, and Ovalo, Texas, with extension to Goldsboro, Texas, together with the itemized property listed, to-wit: In the Town of Lawn, Texas; Real estate consisting of lot 200 ft. by 150 feet, with house of three rooms, and shed room.

"In Dudley, Texas; Real estate consisting of lot 105 feet by 405 feet, with four-room house; all switchboards, telephones, lines, instruments of Ovalo, Texas exchange; all switchboards, telephones, and lines of the Lawn exchange; including one long distance circuit with approximately 27 miles with No. 10 iron wire to Abilene, Texas; long distance toll service exchange to Ovalo, Texas, exchange ap-

proximately six miles in length of No. 9 iron wire; all switchboards, telephones and lines of the Dudley exchange including 19 miles of No. 10 and No. 12 iron wire long distance circuit to Abilene, Texas; and No. 14 iron wire from Dudley, Texas, to Oplin connected at the Yost Ranch; approximately 12 lines long distance circuit from Lawn Exchange to Oplin exchange; two lots at Goldsboro, Texas, and two lots at Ovalo, Texas, but no buildings thereon, and including all facilities and equipment of said telephone company and exchange, whether described in detail above or not.

"It Is Further Agreed And Understood that the purchaser herein shall have ninety (90) days from this date to exercise this option, and if purchaser decides to exercise such option, it may do so by notifying the seller in writing, at which time it is agreed that seller shall forthwith execute and deliver to purchaser all necessary bills of sale, warranty deeds, abstracts of title, and other instruments necessary to transfer and convey title to the above described property, free and clear of all liens and encumbrances, When said instruments of conveyance and transfers have been delivered to the seller the above mentioned sum of money and both parties hereto shall do those acts that are necessary to properly consummate said sale.

"In the event this option is not exercised within the ninety (90) day period, it shall become null and void.

"Witness our hands, this the 29th day of October, A.D. 1951.

"Lueders Telephone Company
(Signed)    J. Lambert
(Signed)    Mrs. Jane Lambert."

A copy of a letter from appellee to appellant Lambert was attached to appellee's cross action as Exhibit B. This letter is relied upon by appellee, Taylor Telephone Co-Operative, Inc., to show an exercise of its option to purchase the property in question. The letter is as follows:

"Mr. J. Lambert and
Mrs. Jane Lambert, d/b/a Lueders Telephone Company,
Lueders, Texas.

"Dear Mr. and Mrs. Lambert:
"This is to advise that the Taylor Telephone Co-Operative, Inc., is exercising the option which was entered into with us by you people on October 29, 1951, relative to the sale of the Telephone Exchanges at Lawn, Dudley, and Ovalo, Texas, with extension to Goldsboro, Texas, together with the real estate involved at Lawn, Dudley, and Ovalo, Texas. Please deliver to our attorney, Bryan Bradbury, Abilene, Texas, abstracts of title to the property involved, together with other instruments conveying good title to the property involved and when the abstracts and these instruments have been approved and good title is shown, then the sale of the properties involved will be finally consummated.
"Yours truly,
Taylor Telephone Cooperative, Inc.
By: (Signed) C. O. Patterson,
President."

The option contract (Exhibit A) provides that "if purchaser decides to exercise such option it may do so by notifying the seller in writing—." The letter (Exhibit B) states: "This is to advise that Taylor Telephone Co-Operative, Inc. is exercising the option—". The parties hereto have agreed and stipulated that Exhibits A and B constitute a valid and enforceable option and acceptance unless appellant is correct in the contention that the Co-Operative failed to exercise its option for the following reasons: that the only attempt to exercise the option by appellee during its term was the letter dated January 24, 1952, addressed to appellant and his wife; that by such letter appellee did not exercise the option according to its terms but violated and attempted to modify the terms of the option in that the attempted acceptance

was conditioned upon approval of abstracts and conveyances; that the option was, therefore, not exercised, but was rejected and was at an end.

■■ It is well settled that an acceptance of an option must strictly comply with the option contract and an attempted acceptance which modifies any of its terms is no acceptance. Baker v. Fell, 135 Tex. 375, 144 S.W.2d 255; Walker Grain Co. **v.** Denison Mill & Grain Co., Tex.Civ.App., 178 S.W. 555 (Writ Ref.); Southern Wire & Iron Co. v. Thomas, Tex.Civ.App., 256 S.W. 607. The acceptance must be within the time and in the manner specified in the option and upon failure of the optionee to so accept, the option, by its own terms, expires. 43A Tex.Jur. 84; 10 Tex.Jur. 35; 17 C.J.S., Contracts, § 42, p. 378; Gambill v. Snow, Tex.Civ.App., 189 S.W.2d 33 (Ref. W.M.); and cases cited therein.

By the terms of the option contract it was provided that upon notice in writing of the decision of the purchaser to exercise the option that seller agreed to "— forthwith execute and deliver to purchaser all necessary bills of sale, warranty deeds, abstracts of title, and other instruments necessary to transfer and convey title to the above described property, free and clear of all liens and encumbrances." The letter written by appellee informing appellant that the option was being exercised stated as follows: "Please deliver to our attorney, Bryan Bradbury, Abilene, Texas, abstracts of title to the property involved, together with other instruments conveying good title to the property involved and when the abstracts and these instruments have been approved and good title is shown, then the sale will be consummated." The question for determination is whether the above quoted portion of appellee's proposed letter of acceptance required more of appellant than he was obligated to do by the terms of the contract in bringing about a consummation of the sale of the property involved. We are of the opinion that it did not.

■■ The letter requested that appellant deliver abstracts of title, together with instruments conveying good title. Appellant was required by the contract to deliver abstracts and instruments necessary to convey title. The fact that the letter requested that such delivery be made to appellee's attorney is not material, because a delivery to appellee's attorney when so requested by appellee is, in effect, a delivery to appellee. The request does not vary the terms of the contract. It is likewise immaterial that the letter required a delivery of abstracts and instruments conveying "good title" rather than abstracts and "instruments necessary to transfer and convey title—free and clear of all liens and encumbrances" as provided in the option contract. The quoted language of the letter and that of the contract, referring to the title to be shown, when considered together with the remaining portion of both writings mean the same thing, that is, good and merchantable title. Veselka v. Forres, Tex.Civ.App., 283 S.W. 303; Clark **v.** Ray, Tex.Civ.App., 96 S.W.2d 808; Ogg v. Herman, 71 Mont. 10, 227 P. 476. In the absence of any provision to the contrary, the law implies that the seller of land will furnish the buyer good and merchantable title. Such was the kind of title required by the terms of the contract here in question. The language of the letter requesting a delivery of abstracts and "instruments conveying good title" should not be construed to require more. Collins v. Martin, Tex.Civ.App., 6 S.W.2d 126, 128; Kling v. A. H. Greef Realty Co., 166 Mo.App. 190, 148 S.W. 203, 205.

■■ Appellant urges that the acceptance was contingent upon approval of abstracts and other instruments and was ineffectual as an acceptance because it attempted to vary the terms of the contract and to place the burden upon appellant of showing title to the satisfaction of appellee which was more than the contract required. We cannot agree with this contention. The contract provided for the delivery of abstracts of title. It is judicially known that one of the principal purposes in furnishing abstracts to a purchaser of property is for examination and approv-

al. The necessary implication of the provisions of the contract for delivery of abstracts to the purchaser was that it should have the right of reasonable examination to determine if the abstracts and instruments delivered by appellant showed the kind of title contemplated by the option contract. In this sense appellee, by the terms of the contract, had the right of approval of the "abstracts and other instruments." This right of approval was a limited one. It did not, for instance, permit appellee to refuse an approval in case the abstracts and instruments delivered by appellee showed "title—free and clear of all encumbrances", nor was appellee permitted to refuse approval if such instruments showed good and merchantable title. The effect of the quoted provision of the letter was to instruct appellant to deliver abstracts and instruments showing good and merchantable title. This request of appellee did not exceed its right or appellant's obligation under the contract.

Appellant urges that the letter required that title be approved before payment was made and that such requirement was a material variation "of the terms of the option which provided for payment when deeds and abstracts were delivered." We cannot agree with this contention. Appellee, as required by the contract, notified appellant in writing of its exercise of the option. This is all that is required by the contract to effect an acceptance. Of course, appellee was required to pay the purchase price, but payment was required only after delivery by appellant of the abstracts and deeds. In the absence of a provision to the contrary, payment is not necessary to effect an acceptance. San Antonio Joint Stock Land Bank v. Malcher, Tex.Civ.App., 164 S.W.2d 197 (Writ Ref. W.M.); Moore v. Kirgan, Tex.Civ.App., 250 S.W.2d 759.

The effect of the contract, as previously noted, was to give appellee the right of reasonable examination of the abstracts and instruments to determine if such instruments did show and convey good and merchantable title before payment of the consideration. Appellee's right to refuse approval of title was not an arbitrary one but was limited to the contingency of a failure by appellant to show and convey good and merchantable title by the abstracts and instruments delivered by him. The question whether good and merchantable title is shown is one of fact. Mathews v. Caldwell, Tex.Com.App., 258 S.W. 810; Kirkland v. Little, 41 Tex. 456.

The provision of the letter that "when the abstracts and these instruments have been approved and good title is shown, then the sale of the property will be finally consummated," was simply a statement to appellant that appellee would exercise its right under the contract of reasonable examination of the abstracts and instruments delivered. Appellant's letter of acceptance did not materially vary the terms of the option agreement but constituted a valid and timely acceptance and exercise of such option.

The judgment of the trial court is affirmed.