Alfred CANNON et al., Appellants,

v.

Annie L. CANIDA, Appellee.

No. 7100.

Court of Civil Appeals of Texas.

Texarkana.

Jan. 20, 1959.

Rehearing Denied Feb. 17, 1959.

Paul M. Branch, Kilgore, R. L. Whitehead, Longview, for appellants.

Marcus Vascocu, W. C. Holcombe, Longview, for appellee.

DAVIS, Justice.

On January 31, 1955, Sherman Sparks and Glenn Keeling executed a lease to plaintiff-appellee Annie L. Canida and husband, Rass Canida, upon five acres of land with the improvements thereon, including a large Negro night club and the personal property used in connection with the club. The lease provided for a total consideration of $5,700 for a period of two years with an option to renew the same for an additional two years, and a further option for a sale of the leasehold estate by lessors to lessees for the sum of $16,000 and provided that all rentals paid prior to the exercise of the option may be applied upon the purchase of the leasehold estate. The leasehold estate held by Sparks and Keeling was for a term of 99 years.

On November 9, 1955, Rass Canida was killed in an automobile accident. On June 1, 1956, Sparks and Keeling executed a new lease to Annie L. Canida which provided for an option to purchase the lease, improvements and personal property for a consideration of $16,000, and further provided that in the event Annie L. Canida elected to exercise the option to purchase for the same consideration of $16,000 as provided in the prior lease, all these rentals paid on the prior lease and on this lease would be applied as payment on purchase of the property.

The lease dated June 1, 1956, was a month-to-month lease but provided for the payment of rentals in advance, and during the life of the lease Annie L. Canida would have the right to exercise the option to purchase.

On December 10, 1956, Sparks and Keeling assigned all right, title and interest they had in the lease to Alfred Cannon and Ray Ross, defendants-appellants herein, but subject to the Annie L. Canida lease and option to purchase.

The lease rentals under the Annie L. Canida lease were due and payable on or before the 5th day of each month. A controversy arose in April of 1957, that resulted in litigation between Annie L. Canida and Alfred Cannon and Ray Ross; Cannon and Ross sued Annie L. Canida in a forcible detainer suit which finally terminated in the County Court of Gregg County by a judgment dated June 12, 1957, which judgment found that the rents had been paid in compliance with the lease and that Annie L. Canida was entitled to possession of the property under the terms of the lease until and including July 5, 1957. On June 27, 1957, one of the attorneys for Annie L. Canida notified one of the attorneys for Cannon and Ross that Annie L. Canida was exercising her option to buy the property covered by the lease and requested information as to the amount that would be due Cannon and Ross under the terms of the lease to complete the transaction. On June 30, 1957, Cannon and Ross, through one of their attorneys, served a demand upon Annie

**634**

L. Canida for possession of the property on or before July 1, 1957. On July 1, 1957, Annie L. Canida, plaintiff-appellee, filed suit against Cannon and Ross, defendants-appellants, for specific performance of the contract and formally tendered the balance due under the contract into court.

Trial was to a jury which found that appellee orally exercised the option to buy the property on June 27, 1957, and that one of the attorneys for appellants was acting as agent for appellants at the time.

Appellants filed a cross-action to the suit for specific performance and sequestrated property; and the jury found that appellee had been damaged as a result of the sequestration and assessed the damages at $3,450; and also found that there was $318.80 worth of merchandise in the building at the time it was sequestered which was totally lost to appellee. Appellant pleaded several defenses to the suit for specific performance and made several affirmative allegations in the cross-action, but no issues were submitted in support of the affirmative defenses nor on the cross-action, no exceptions were leveled to the charge because of failure to submit such issues, and no issues were requested in support of the affirmative defenses or by way of cross-action.

Judgment was entered for appellee, decreeing that the option had been exercised and that there was $8,000 still due under the terms of the contract against which appellee was entitled to credits of $3,450 and $318.80.

Appellants have perfected their appeal and bring forward 11 points of error. Their Points 1, 6, 8 and 10 are multifarious and are respectfully overruled without consideration.

By Point 3 appellants complain of the action of the trial court in refusing to instruct the verdict for appellants because the option clause was a conditional offer that could be withdrawn before acceptance, and was so withdrawn. This was an affirmative defense and a contested issue before the jury upon which evidence was offered, both affirmatively and defensively, but no issue was submitted or requested and the error, if any, was therefore waived, and the point is overruled.

Their Points 4 and 5 complain of the action of the trial court in submitting Special Issue No. 1 in the court's charge. No objection or exception was made to the submission of the issue and the error, if any, was waived, and the points are overruled.

By Points 7 and 9, appellants complain of the action of the trial court in overruling the motion for instructed verdict and entering judgment for appellee because there was no evidence that the attorney for appellants was acting as an agent for appellants and that the verdict of the jury is contrary to the evidence. The issues of agency are raised by the pleading and the evidence and no objection or exception was made to the issues upon the grounds stated in the points, and the error, if any, was waived, and the points are overruled.

By Point 11, appellants complain of the action of the trial court in rendering judgment for appellee, because the evidence showed beyond dispute that superior title to the property was in appellants. The point is without merit and is respectfully overruled.

This leaves Point 2 in which appellants complain of the action of the trial court in overruling motion for instructed verdict because the cause of action as alleged and proved was barred by the statute of frauds. Their argument and authorities are based upon the theory that there was only an oral acceptance of the option to purchase and the oral acceptance was insufficient. Appellants concede that there is authority to the contrary of their position. See Haskell v. Merrill, Tex.Civ.App., 242 S.W.2d 331, wr. dis.; San Antonio Joint Stock Land Bank v.

Malcher, Tex.Civ.App., 164 S.W.2d 197, wr. ref., w. o. m.; 27 C.J. 266, § 196; 37 C.J.S. Frauds, Statute of § 180c, page 664; and 43–A, Tex.Jur., 84, Sec. 73.

It is true that an acceptance by an optionee must comply with the option contract, Lambert v. Taylor Telephone Co-op. Inc., Tex.Civ.App., 276 S.W.2d 929, n. w. h., but the option in the contract did not provide any form or manner at all for the acceptance. If it was necessary to a decision of this question, we would follow the above-cited authorities to the effect that an oral acceptance was sufficient, but appellee filed her suit on July 1, 1957, and service of citation was had in the case on July 3, 1957, both dates of which were within the period of time that appellee had to accept the option. This act of filing suit was a sufficient communication of acceptance to comply with the terms of the contract. We cannot think of any more positive notice of acceptance that could be given. The property was described and every condition relative to written notice was complied with. See 17 C.J.S. Contracts § 45, page 386, Acceptance by Act. The point is overruled.

Finding no error in the record, the judgment of the trial court is affirmed.

## On Motion for Rehearing

■ ■ Appellants have filed a motion to amend the transcript so as to include their exceptions to the court's charge which were apparently dictated to the court reporter but were not transcribed, and the court's ruling and official signature endorsed thereon and filed with the clerk in time to be included in the transcript as required by Rule 272, Vernon's Ann. Texas Rules of Civil Procedure, and have also filed a forceful and earnest motion for rehearing. Appellants are apparently awaiting the court's action on their motion to amend the transcript before submitting such amended transcript as they did not submit the same with their motion. We have concluded that Rule 272 fixes a defi-

nite time limit in which to have objections and exceptions to the court's charge transcribed, the court's ruling and signature endorsed thereon and then filed with the clerk, when such exceptions to the court's charge are dictated to the court reporter under the rule. They must be transcribed, endorsed and filed in time to be included in the transcript. At most, it could not be more than 60 days after the judgment of the court, or order overruling the motion for new trial. No good cause being shown for the failure to have their exceptions to the court's charge transcribed, endorsed and filed as required by the rule being shown, the motion to file a supplemental transcript is overruled.

We might add, further, that in view of the record in this case the exceptions to the court's charge on all the issues, unless it would be as to the damages, are immaterial because the issues of exercising the option, statute of frauds, and agency were completely overcome by filing the suit and service of citation within the time prescribed by the contract for exercising the option.

In their motion for new trial, appellants complain of the action of the trial court in holding that their Points 1, 6, 8 and 10 were multifarious. Whether the points are multifarious or not, they are immaterial to the disposition of this case as hereinafter pointed out and they are here now overruled for that reason.

By Point 1, the appellants complained that the trial court erred in refusing to grant their motion for instructed verdict because the tenancy between the parties was terminated without the option being exercised by the plaintiff; and because the plaintiff failed to comply with the condition precedent in the lease and upon her failure to do so terminated the lease as a matter of law and thereby terminated her option to purchase. If the point is not multifarious but merely states two reasons why the court erred, they were foreclosed by the filing of the suit and service of cita-

# 636

tion within the option period in the contract.

■ By Points 3 and 4, appellants complain of the action of the trial court in refusing their motion for instructed verdict and in submitting Special Issue No. 1, contending that the option clause in the contract was only a conditional offer and was not a valid and existing option. The points are without merit because the option was valid and recited a good and valuable consideration in that all lease rentals paid up to and including the time of the exercise of the option were to be applied on the purchase of the property and the option could not be withdrawn at any time while the lease was in full force and effect without the consent of the appellee. The points are overruled.

■ By Point 6, appellants complain of the action of the trial court in admitting in evidence the judgment of the county court on the forcible detainer suit because such admission was immaterial and irrelevant and highly prejudicial to the right of appellants; and there was no pleading of res judicata. If the point merely states one point and two reasons why the court erred, the point is without merit because appellants pleaded and proved the filing of the forcible detainer suit for the purpose of showing that they had withdrawn the option in the contract. Appellee was then entitled to prove the outcome of the lawsuit. We do not mean to hold that the judgment in the forcible detainer suit was res judicata except on the issue of showing that the lease was in full force and effect at the time appellee filed her suit and had process served for the purpose of exercising her option. The point is overruled.

Points 5, 7, 8 and 9 bear upon oral acceptance of the option and agency. As a matter of fact, the issue of agency should not have been submitted for they had to do with the acceptance of the option through the agent. This was not necessary because

the record in the case showed that the option was exercised by the filing of the suit and service of citation within the option period of the contract.

■ Point 10, we think, is definitely multifarious. It raises the following points on the issue of money judgment for damages for wrongful sequestration: (1) No evidence; (2) insufficiency of the evidence; (3) the evidence was so slight that it would be manifestly unfair and unjust to render such judgment; (4) no evidence of wrongful sequestration; and (5) the necessary legal prerequisites were not complied with by plaintiff (this actually does not point out anything). Be that as it may, the point has not been preserved for this appeal, and is overruled.

Remaining convinced that this case was properly disposed upon original submission, the motion to amend the transcript and the motion for rehearing are overruled.