DUCC REALTY COMPANY, Inc., Appellant,

v.

A. V. COX et al., Appellees.

No. 3998.

Court of Civil Appeals of Texas.

Waco.

April 19, 1962.

Hugh E. McGee, Jr., Allbritton, McGee & Hand, Houston, for appellant.

Spafford, Ledbetter, Freeman, Hamlin & Gay, Warren Whitham, Dallas, for appellees.

WILSON, Justice.

Appellant sued appellee to cancel a contract for sale of realty and for refund of earnest money deposit. Appellee, by cross-action, sought judgment for the deposit. In a non-jury trial appellee recovered, and a take-nothing judgment was rendered against appellant. Findings and conclusions were filed. We affirm.

Appellant is the subsidiary of a construction company which develops properties in many states for a national chain of clothing stores. Planning construction of a building conforming to uniform plans of the clothing concern, appellant entered into a contract with appellee for the purchase of realty for a site, under which it deposited the earnest money. Appellant prepared the agreement which contained a clause, standard in its contracts, authorizing it to make a survey including soil tests and borings, and providing that purchaser

"shall at or before the expiration of 15 days after receipt by it of the survey, which is to be prepared according to the instructions and requirements of the purchaser, notify the seller whether said soil tests and borings are satisfactory to permit the construction of the proposed building which the purchaser intends to build thereon. In the event the purchaser shall notify the seller that the same are unsatisfactory, then the purchaser shall be entitled to the return of its deposit hereunder and cancellation of this contract."

It was provided that "All of the above conditions shall be deemed to be of the essence of this contract."

Appellant furnished detailed instructions for the preparation of the survey to a firm of consulting engineers which delivered to appellant its survey report and findings. Thereafter, appellant gave notice to appellee it elected to cancel the contract of sale "by reason of unsatisfactory site conditions", and demanded return of the earnest money.

The court found, in effect, that the soil on the tract was satisfactory to permit construction of the building intended, and that the tests and borings so showed. It concluded that appellant did not have the exclusive right under the quoted provision to determine whether "said soil tests and borings are satisfactory to permit construction" as provided therein, but that the issue as to whether these were "satisfactory" presented a question of fact; and the word "satisfactory" did "not mean satisfactory to the plaintiff". Appellant challenges these findings and conclusions.

It is not necessary to determine these contentions. The judgment is sustainable on

the further express finding of the trial court that appellant did not notify appellee that the soil tests and borings were unsatisfactory on or before 15 days after receipt by it of the survey. Appellant does not challenge this finding, but urges that the court erred in impliedly concluding that time was of the essence so as to require the notice to be given within the specified period.

The provision for notice, construed most favorably to appellant, constituted an option granted to or reserved by the purchaser to elect to disaffirm, cancel, revoke or terminate the contract, even if the clause reciting the notice provision shall be deemed of the essence be disregarded. "An option gives to the holder the choice and power of electing between alternatives. In option contracts time is nearly always of the essence. This would be so on either theory of an option. If we regard it as an offer, it is open for a time limited, and no offer can be accepted after its lapse. If we regard it as a conditional contract, it contains the express condition that notice shall be given at a specified time. Such an express condition should be enforced according to its terms." Corbin, Readings on Contracts, Assoc.Amer.Law Schools, p. 244.

 If an option contract requires notice of intention as to optionee's exercise of the option, "failure to give such notice on time is fatal. Time is of the essence of an option." And "Time is likewise of the essence of options to terminate or cancel an existing contract". 3 Williston, Contracts (Rev. Ed.) Sec. 853, pp. 2391, 2393; and see Corbin, Contracts (1952) Secs. 713–724; Simpson, Contracts (1954) p. 452; 72 A.L.R.2d 1127; I Williston, Contracts (3rd Ed. 1957) Secs. 61A, 61B, 63; 10–A Tex. Jur. pps. 71, 464, 515; 13 Tex.Jur.2d Sec. 346, p. 621.

Appellant relies on decisions supporting the view that time is not of the essence in ordinary contracts to convey land. In Johnson v. Portwood, 89 Tex. 235, 34 S.W. 596, Chief Justice Gaines emphasized the distinction: "In an ordinary contract for the conveyance of land, in which the purchase money is to be paid at a future day, time is not usually held to be of the essence of the contract. But, when the transaction is in the nature of a unilateral contract,— where a party is given an option to acquire a right by doing a certain thing within a specified time,—it is held that time is essential, and that in order to secure the right he must comply within the specified period. This is settled law."

The judgment is affirmed.