Elmer BLASCHKE, Appellant,

v.

**Hulda WIEDE and Werner Wiede, Appellees.**

No. 9088.

Court of Appeals of Texas, Texarkana.

March 29, 1983.

Rehearing Denied April 26, 1983.

Gary Pinnell, San Antonio, for appellant.

O.T. Moore, Jr., Lockhart, for appellees.

CORNELIUS, Chief Justice.

Mrs. Hulda Wiede and her son, Werner Wiede, brought suit against Elmer Blaschke to remove a cloud from the title to 58½ acres of land in Caldwell County. Mr. Blaschke counterclaimed seeking specific performance of an agreement to sell him the land. In a nonjury trial the district court concluded that the sales agreement was ineffective and awarded possession of the land to the Wiedes.

In 1960, Mr. Blaschke and Mrs. Hulda Wiede entered into a written sales contract covering the 58½ acres. It provided for a total price of $14,000.00 payable by a $3,000.00 down payment and annual installments of $600.00. The contract was not consummated, however, because the parties came to believe that because Werner Wiede had become a contingent remainderman to an interest in the land through his father's will, they could not secure an insured title. Mr. Blaschke and Mrs. Wiede later executed an instrument denominated a lease, by which the land was leased to Mr. Blaschke for a one-year term for an annual rental of $600.00. In addition to the usual terms of a surface lease, the instrument also contained the following provision:

"3. The lessors have agreed to sell and do by these presents agree to sell to the lessee the said land at a total consideration of Fourteen Thousand Dollars ($14,000.00), provided that they can make and deliver good title thereto.

"4. In the event that such sale is consummated, the annual rental herein and heretofore paid shall be applied as a part of the sales price of said property and shall be deducted from the total cash payment required of the purchaser. Should the lessors enable themselves to make good title to said property, they hereby agree to convey the same by warranty deed to lessee herein, upon his payment, including these payments, the sum of Three Thousand Dollars ($3,000.00) or more, and his delivery to them of his vendor's lien note for the balance, with interest at 4½, payable Six Hundred Dollars ($600.00) per year, but the maker of said note shall have the option to repay said note by increasing said payments, or by additional payments."

There was no provision for a renewal of the lease or the sale agreement, but it was stipulated that the lessee could remove any house placed by him on the property "in the event ... the sale is not consummated or the lease renewed."

Mr. Blaschke and his wife moved on the property, placed a house on it, and continued to live there until the time of suit. The lease was never renewed, but the Blaschkes remained in possession and paid the annual rent each year until suit was filed.[1] In 1975, Mrs. Wiede conveyed the legal title to her interest in the land to Werner Wiede, apparently so she could enter a nursing home. When this was done, Mr. Blaschke asked Werner Wiede if the land could then be conveyed to him, and was told that it was impossible. Suit was instituted by the Wiedes in 1979. In his findings of fact and conclusions of law the trial judge concluded that the instrument was a lease rather than a sales contract or equitable mortgage; the holding over by the Blaschkes without renewing the lease created a year-to-year tenancy; the sale agreement in the lease was an option to purchase; and that the option did not extend beyond the one-year term of the lease. Mr. Blaschke attacks these conclusions by seven points of error. We agree with the district court's conclusions and will affirm the judgment.

We agree that the proper construction of the instrument is that it is a lease containing an option to purchase. The rule in the great majority of jurisdictions in this country, as well as in Texas, is that a holding over under a lease without renewing it does not extend a purchase option beyond the lease term unless a contrary intent appears from the lease as a whole. *Thermo Products Co. v. Chilton Independent School District,* 647 S.W.2d 726 (Tex.App.—Waco, 1983); Annot., 15 A.L.R.3d 470 (1967); *Kruegel v. Berry,* 75 Tex. 230, 9 S.W. 863 (1888). We can find no contrary intent clearly expressed or implied in the lease involved here. Obviously, the parties initially intended to make a sale, but having found themselves frustrated in their purpose at the time, they entered into a one-year lease containing the option to purchase. There is nothing to indicate that they intended to extend the option beyond that one-year period unless it was renewed, either as a separate covenant or as part of a renewal lease. The prayer for specific performance was properly refused.

Mr. Blaschke also urges that the award of possession to the Wiedes is unsupported by either pleadings or evidence. We find the pleadings sufficient to justify the award, and that the trial court properly awarded possession to Hulda and Werner Wiede.

The judgment is affirmed.

---

1. By agreement the rent was increased to $800.00 beginning in 1974.